## Day *v.* Nottingham et al.

[No. 19,493.    Filed April 9, 1903.]

DIVORCE.—*Setting Aside Decree After Plaintiff's Death.*—The provision of §1042 Burns 1901, that "Parties against whom a judgment of divorce shall hereafter be rendered, without other notice than publication in a newspaper, may, at any time within two years after the rendition of such judgment, have the same opened, and be allowed to defend as well on the granting of the divorce as in relation to the allowance of alimony and the disposition of property," has no application where the party obtaining the divorce upon a citation to the defendant by publication is dead at the time the application to open the judgment is made, and where no question of alimony or property rights were involved in the divorce proceeding. *pp. 415-417.*

SAME.—*Nonresident Defendant.—Affidavit.—Publication.—Jurisdiction.*—In a suit for divorce against a nonresident, an affidavit by the plaintiff instead of by a disinterested person, as provided by

Day *v.* Nottingham.

§1048.Burns 1901, will not render a decree for plaintiff void for want of jurisdiction. *p. 418.*

DIVORCE.—*Notice by Publication.— Vacation of Decree.—Fraud.*—A decree for divorce against a nonresident defendant will not be set aside for fraud on the part of the plaintiff in making affidavit that the place of defendant's residence was unknown to her, where it appears that the defendant was in fact a nonresident, and that the notice by publication was made according to law. *pp. 418-423.*

From Superior Court of Tippecanoe County; *J. M. Rabb*, Special Judge.

Suit by Thomas Day against Thomas C. Nottingham and Thomas C. Nottingham, administrator of the estate of Julia Nottingham, deceased, and another, to set aside a decree for divorce. From a decree for defendants, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*A. L. Kumler* and *T. F. Gaylord*, for appellant.
*J. M. LaRue* and *S. P. Baird*, for appellees.

JORDAN, J.—On January 28, 1899, this proceeding was instituted by appellant Thomas Day to have a decree of divorce granted to his wife, Julia Day, set aside and vacated. Under his complaint he sought to have the case as originally entitled, Julia Day v. Thomas Day, redocketed in the lower court, and one Thomas C. Nottingham, in his own proper person, together with Thomas C. Nottingham and Mortimer Levering, administrators of the estate of Julia Nottingham, formerly Julia Day, made parties to his said action.

The complaint is in four paragraphs. The first and second are based on §6 of our divorce statute, enacted in 1873, being §1042 Burns 1901. The first paragraph is as follows: "Your petitioner, Thomas Day, respectfully shows to the court that he is the defendant in the above entitled cause, and that on the 2d day of March, 1854, he and Julia Day, the plaintiff in the above entitled cause, were duly married at the city of Lafayette, in said county and State; that afterwards, on the 22d day of February, 1898,

Day v. Nottingham.

and while the said Thomas Day and Julia Day were hus-
band and wife, the said Julia Day filed her complaint in
this court for a divorce from said Thomas Day on the
grounds of abandonment and failure to make reasonable
provision for her for a period of two years; that afterwards
such proceedings were had in such cause that by the judg-
ment of this court, rendered therein on the 28th day of
April, 1898, it was adjudged that the bonds of matrimony
then existing between the said Julia Day and Thomas Day
be dissolved, annulled, and set aside, and that said Julia
Day be granted a divorce from said Thomas Day. Your
petitioner further avers that no summons was ever issued
or served on him in said cause; that he received no actual
notice of the pendency of said action in time to appear in
court at the time of the trial and object to said judgment;
and that he did not appear to said action, or at the trial
thereof, and had no notice or knowledge whatever of the
bringing or pendency of said action or the proceedings or
judgment therein until during the month of November,
1898; that for many years prior to the commencement of
said action for divorce, and continuously therefrom up to
the present time, the said Thomas Day has resided at
Shingle Springs, in the state of California; that the only
notice given or attempted to be given of the pendency of
said action for a divorce was by publication in the Lafay-
ette Call, a weekly newspaper of general circulation,
printed and published at the city of Lafayette, in said coun-
ty of Tippecanoe. Your petitioner further avers that the
complaint in said action for divorce falsely charged that
the said Thomas Day abandoned said Julia Day and failed
to make reasonable provision for her for a period of two
years, and upon that ground alone said divorce was granted,
when, in truth and in fact, the said Thomas Day and Julia
Day lived separately and apart, each providing for their
own wants by mutual consent and agreement, until the
spring of 1897, when they met at the residence of said

Thomas Day, at Shingle Springs, in the state of California, and mutually agreed to live together again as man and wife, and the said Julia Day was at no time in need of nor did she ever ask assistance from said Thomas Day, and that said charge of abandonment and failure to provide as averred in said complaint for divorce was false and untrue, as the said Julia Day well knew; and that, if your petitioner had known of the pendency of said action, he would have appeared and successfully defended said action. Your petitioner further avers that said Julia Day departed this life, intestate, on the — day of August, 1898, at Shelby county, in the state of Tennessee, leaving therein personal property of the value of $500, and leaving in said county of Tippecanoe personal property of the value of $9,000 over and above all indebtedness; that she left surviving her as her sole and only heir at law your petitioner herein; that one Thomas C. Nottingham claims that on or about the 14th day of May, 1898, he and the said Julia Day were married, and that said Julia Day left her surviving as her sole heir at law, him, the said Thomas C. Nottingham. Your petitioner further shows to the court that the said Thomas C. Nottingham was, on the — day of September, 1898, by the consideration of the probate court of Shelby county, in the state of Tennessee, appointed administrator of the estate of the said Julia Day, by the name of Julia Nottingham, and that one Mortimer Levering was on the 30th day of November, 1898, by the consideration of the circuit court of said Tippecanoe county, appointed administrator of the estate of said Julia Day, by the name of Julia Nottingham, and that the said Nottingham and said Levering are now the duly qualified and acting administrators of her said estate. And your petitioner further shows that the aforesaid Thomas C. Nottingham and Thomas C. Nottingham, administrator as aforesaid, now resides in said county of Shelby, in the state of Tennessee; and that said Mortimer Levering, administrator as aforesaid,

resides in said county of Tippecanoe in the State of Indiana. Wherefore your petitioner prays that said action of Julia Day be redocketed, and that said Thomas C. Nottingham, Thomas C. Nottingham, administrator as aforesaid, and Mortimer Levering, administrator as aforesaid, be made parties to this petition; that the court fix the notice it deems proper to be given said parties; and that the judgment of divorce granted to said Julia Day, as aforesaid, be vacated and set aside, and for all other proper relief."

The second paragraph of the complaint contains substantially all the averments of the first, and assails the jurisdiction of the court in the divorce proceedings, on the ground that the order for notice by publication was obtained upon a false affidavit, by which knowledge to the defendant in the aforesaid divorce suit was sought to be prevented by the plaintiff therein, Julia Day.

The third paragraph contains all of the allegations of the first, except that no attempt is made to show a defense to the action for divorce. This paragraph proceeds upon the theory that the judgment in the divorce action is void for want of jurisdiction, for the reason that the affidavit for publication was made by the plaintiff in said action instead of being sworn to by a disinterested person, and did not state that the defendant was a nonresident of the State of Indiana. No attempt appears to have been made to show by the averments of this paragraph that appellant had a meritorious defense to the action for divorce. This third paragraph, also, among other things, sets out in full the affidavit as to the defendant's residence, and the order of the court that publication be made, and the finding and judgment of the court therein, and avers that they were the only findings, orders, and judgment of the court in said cause. This paragraph also charges that the plaintiff did not at any time file an affidavit stating the place of residence of the said Thomas Day, if known, and, if unknown, so stating, as required by §1048 Burns 1901. The

affidavit as to the residence of the defendant in the said divorce proceeding is set out in this paragraph as follows: "State of Indiana, Tippecanoe County, ss.—In the Superior Court. January Term, 1898. Julia Day v. Thomas Day. Affidavit as to the residence of defendant. Julia Day, plaintiff in the foregoing action, being duly sworn upon her oath, says: That a cause of action exists against said defendant Thomas Day; that the object of the action is to obtain a divorce by the plaintiff from the defendant for the reasons alleged in her petition filed in this action; that the residence of said defendant Thomas Day, upon diligent inquiry, is unknown to said plaintiff herein; and further says not. Julia Day. Subscribed and sworn to before me this 21st day of February, 1898. D. H. Flynn, clerk."

Upon the filing of the aforesaid affidavit it is alleged that the court entered the following finding and order, to wit: "And it appearing from said affidavit that the residence of said defendant, upon diligent inquiry, is unknown to her, the court thereupon orders that said cause be now docketed as an action pending, and the clerk of this court give said defendant notice of the pendency of this suit by publication for three successive weeks in a weekly newspaper of general circulation, printed and published in said county of Tippecanoe, and State of Indiana, requiring said defendant to be and appear in said court and make answer to the complaint herein on or before Wednesday, the 27th day of April, 1898, pursuant to the precipe indorsed thereon; and day is given." That pursuant to said order of the court the clerk of said court caused to be published in the Lafayette Weekly Call, a newspaper of general circulation, printed and published in the English language, in said county of Tippecanoe, for three weeks successively, viz., February 26, 1898, March 5, 1898, and March 12, 1898, the following notice of publication, to wit: Nonresident notice. State of Indiana, Tippecanoe County, ss. In the Superior

Court. March term, 1898. 7230. Julia Day v. Thomas Day. Petition for divorce. Be it remembered that on this 22d of February, A. D. 1898, the above named plaintiff, by John D. Gougar, her attorney, filed in the office of the clerk of said court her complaint against the defendant, and also her affidavit that the residence of said defendant Thomas Day, upon diligent inquiry, is unknown to her, and said defendant, whose residence is unknown, is therefore hereby notified of the pendency of said suit, and that said cause will stand for trial at the March term of said court, 1898, and on Wednesday, April 27, 1898, being the forty-fifth judicial day of said term. Witness my hand and seal of said court affixed at office in Lafayette on this 22d day of February, A. D. 1898. David H. Flynn, clerk."

Upon proof of publication being made to the satisfaction of the court, the defendant Thomas Day was defaulted. Upon the trial of said action the court found and decreed as follows: "And it appearing to the satisfaction of the court from said copy of notice and affidavit of publication annexed thereto as aforesaid that the defendant Thomas Day has been duly notified of the pendency of this action by three successive weekly publications of said notice in the Lafayette Weekly Call, a newspaper of general circulation printed and published in the English language in the county of Tippecanoe and State of Indiana, the last of which publication was made more than thirty days before the 27th day of April, 1898, the day fixed and indorsed on the complaint of said plaintiff requiring the defendant to appear to the action, on motion of the plaintiff the defendant is three times audibly called, and comes not, but herein wholly makes default; and on plaintiff's motion this cause is now submitted to the court for trial without the intervention of a jury; and the court, after hearing the evidence, and being advised in the premises, finds for the plaintiff, and that she is entitled to a decree of divorce from the defendant

on the grounds alleged in her complaint, and that she pay the costs and charges in this behalf.    It is therefore considered, adjudged, and decreed by the court that the bonds of matrimony existing between this plaintiff and defendant be, and hereby are, dissolved, annulled, and set aside, and the plaintiff be, and hereby is, granted a divorce from the defendant.    And it is further ordered that the plaintiff pay the costs and charges in this behalf."

The fourth paragraph of the complaint contains all of the material allegations of the former paragraphs, and sought to avoid the judgment in the divorce action on the ground of fraud on the part of the plaintiff in concealing the residence of the defendant from the court.    The complaint was supported by the affidavit of Thomas Day, stating that he had no actual notice of the pendency of the action for divorce, and was further verified in respect to the alleged meritorious defense which he had in the divorce proceedings.    The appellees separately demurred to each paragraph of the complaint.    These demurrers were sustained by the court over appellant's exceptions, and, he refusing to further plead, the court rendered judgment on demurrer.    The errors assigned are based on the rulings of the court in sustaining these several demurrers.

The contentions of counsel for appellant, among others, are:    (1) That the right to open or vacate a judgment of divorce where notice has been by publication is expressly conferred by §1042 Burns 1901; (2) that a defendant under said section need only show that he had no actual notice of the pendency of the action in time to appear and object to the judgment, and that he had a meritorious defense to the action for divorce; (3) that decrees of divorce may be set aside for fraud in obtaining them, even after the death of one of the parties, and where a new marriage has been contracted by the party securing the divorce.

It will be observed that each paragraph of the complaint is silent as to whether Mrs. Day, the plaintiff in the divorce action, was the owner of any property either real or personal at the time the judgment in the divorce. suit was rendered. Each paragraph discloses that after she obtained the divorce from appellant in April, 1898, she in May following was married to Thomas C. Nottingham, in the state of Tennessee, and died, intestate, in Shelby county, in the said state, in the month of August, 1898, leaving in said county personal property of the value of $500, and leaving also in the county of Tippecanoe, Indiana, personal property of the value of $9,000. Thomas C. Nottingham, her surviving husband, it appears, was by the proper court in the state of Tennessee appointed administrator of her estate, and Mortimer Levering was also appointed administrator of her estate by the circuit court of the county of Tippecanoe, Indiana, and these two administrators were made parties to the application to set aside the judgment in the divorce proceedings. The language of the statute upon which appellant bases the first and second paragraphs of his application or complaint, is as follows: "Parties against whom a judgment of divorce shall hereafter be rendered, without other notice than publication in a newspaper, may, at any time within two years after the rendition of such judgment, have the same opened, and be allowed to defend as well on the granting of the divorce as in relation to the allowance of alimony and the disposition of property." §1042, *supra.*. Certainly this provision of the statute contemplates that both of the parties in the divorce proceedings shall be living at the time the application is made to open the judgment or decree, and that when the judgment is set aside or vacated the action shall remain pending in court as originally instituted, and the defendant be allowed to interpose a defense to the merits of the action. The provision in question can have no application to a case as the one at bar, where the party obtaining the divorce

upon a citation to the defendant by publication is dead at the time the application to open the judgment is made, for, under such circumstances, his or her death has forever separated the parties beyond any controversy in regard to their marital relations.

The action instituted by Mrs. Day appears to have been for the sole purpose of securing a divorce—no questions of alimony or property rights apparently were involved. The judgment rendered by the court in the action in question only professes to dissolve the relations of husband and wife which existed at the time between her and appellant. It was wholly *in rem.* While the court decreed a divorce in favor of the plantiff, it adjudged that the latter pay the costs. Whatever right of action which she had in the suit in question was wholly personal to her, and there is no provision of the statutory law of this State to rescue such right or cause of action from the application and force of the principle asserted by the maxim, *actio personalis moritur cum persona* (a personal right of action dies with the person). From the very nature or character of the case in controversy the death of Mrs. Day, the complainant, must be held to have terminated all further proceedings in the matter, and if the judgment awarding her the divorce were set aside there would remain no pending action in court in which appellant, under the provisions of the statute in question, might appear and defend in regard to the merits thereof, for certainly her death rendered the mere right to a divorce no longer contestable; for whatever right she may have had in that respect died with her person, hence, her administrator could not be substituted as a plaintiff in the action. The following authorities, among others, fully sustain our conclusion as to the interpretation or construction which we place on the above provision of our statute pertaining to divorces. *Kirschner* v. *Deitrich,* 110 Cal. 502, 42 Pac. 1064; *Swan* v. *Harrison,* 42 Tenn. 534; *Owens*

v. *Sims,* 43 Tenn. 544; *Kimball* v. *Kimball,* 44 N. H. 122, 82 Am. Dec. 194; *O'Hagan* v. *Executor of O'Hagan,* 4 Iowa 509; *Barney* v. *Barney,* 14 Iowa 189; *Zoellner* v. *Zoellner,* 46 Mich. 511, 9 N. W. 831; 2 Bishop, Mar., Div. & Sep., §687, and cases cited in footnote 3. For the reasons stated we concluded that the court did not err in sustaining the demurrers to the first and second paragraphs of appellant's complaint or application.

Counsel for appellant, under the third paragraph of the application, contend that the judgment awarding the divorce in question should be declared void for want of jurisdiction apparent on the face of the record. It will be observed that the order for publication in the case in question was made by the court in term time, and not by the clerk in vacation. The contention, however, is advanced that by reason of §12 of our statute in regard to divorces, being §1048 Burns 1901, which provides: "If it shall appear by the affidavit of a disinterested person that the defendant is not a resident of this State, the clerk shall give notice of the pendency of such petition, by publication," etc., is jurisdictional, and if made by a person not disinterested it is not sufficient to confer jurisdiction upon the court.

The contention of counsel for appellee is that the affidavit made in the divorce proceeding is a strict compliance with the provisions of §320 Burns 1901, which is a part of the civil code of 1881, and was reënacted by amendment in 1885. It is claimed by counsel for appellee that inasmuch as this section is a later enactment than the divorce statute, it controls. Section 320, *supra,* provides for a citation or notice by publication "in either of the following cases shown by affidavit: * * * (3) where the defendant is not a resident of the State, and the cause of action is * * * to obtain a divorce; * * * (4) where the residence of any defendant upon diligent inquiry is unknown." It would seem that the court in ordering that publication be made possibly recognized the

right or authority to proceed under §320, *supra,* in respect to warning the defendant by publication of the pendency of the action.    Whether the court erred in holding that the procedure leading up to the publication of the notice to the defendant should be under §320, *supra,* instead of requiring that the affidavit filed for publication of the notice should conform to the provisions of the divorce act, we do not, nor need not, decide, as it is unnecessary to the solution of the question as herein presented and involved.    It may be said in passing, however, that there was room at least for the court to have made a mistake in respect to which of the two statutes was the proper one under which to proceed in respect to the order for publication.

It will be seen that appellant in his complaint admits as a fact that at the time the divorce action was instituted by his wife he was and had been prior thereto a resident of the state of California; consequently he was not a resident of the State of Indiana.    Conceding, therefore, that the affidavit in dispute was not sufficient, as insisted by appellant, nevertheless the notice or citation given to the defendant to appear in the action by the method of publication was, under the facts, a substantial compliance with the provisions of §1048 Burns 1901, of the divorce statute; therefore the contention of appellant's counsel that the court did not have jurisdiction to decree a divorce in favor of the plaintiff for the reason that the affidavit was not sufficient and was irregular can not be sustained, for, under the conceded facts that appellant at the time was a nonresident of this State, the method of citing or warning him of the pendency of the action substantially filled or responded to the requirements of the law; hence he is afforded no grounds in this action for asserting that the judgment is void for want of jurisdiction by reason of the irregularity or insufficiency of the affidavit.    The judgment of divorce in the action in question was, as we have shown, wholly *in rem,* and the vital essential in the matter was that the

court should have jurisdiction over the *res* or subject-matter of the proceeding. That it had such jurisdiction by reason of the plaintiff being a *bona fide* resident of the county and state within which the action was instituted, as required by the divorce act, is not disputed. The court having such jurisdiction acquired the further right or authority to grant the divorce in question by reason of the publication of the notice or citation to the defendant. The affidavit was in the nature of evidence before the court. If the court, as it apparently did, held the document in its judgment to be sufficient to authorize the order of publication, its order in the premises, even though the affidavit was not sufficient, would simply be an error not affecting its jurisdiction. As the court, under the facts, awarded the proper notice to the defendant of the pendency of the action upon what counsel contend was a defective and irregular affidavit, the most which can be imputed to the order or judgment of the court in the premises is that it was erroneous, but not void, and such error, if any, can only be taken advantage of on appeal or by complaint for review. *Dowell* v. *Lahr,* 97 Ind. 146; *Carrico* v. *Tarwater,* 103 Ind. 86; *Stevens* v. *Reynolds,* 143 Ind. 467, 52 Am. St. 422; *Haynes* v. *Oldham,* 3 B. Mon. 266; *Banta* v. *Wood,* 32 Iowa 469; Van Fleet, Collat. Attack, §330.

The author of the work last cited, in the section mentioned, says: "If the object of process and service is to notify the defendant that a suit is pending against him in a designated court, * * * then when the residence or whereabouts of the defendant is such, that the process actually issued and published is the proper one, the entire absence of all preliminaries is a matter of no concern to him, and on principle, can not make the judgment void. The publication made gives him the same information, no matter on what evidence or by whom ordered."

Appellant does not contend that the notice made by publication in the case, in form or substance, or in length of

time during which it was published, was in any manner defective or insufficient. The notice given, if the defendant read it, fully informed him of the pendency of the action. It gave the name of the plaintiff and the court in which the action was pending and the time when he was required to appear and answer. As he did not take any appeal in the action, and as a review of a judgment in a divorce proceeding is positively forbidden by our statute, consequently, under the circumstances, he is not in position to assail the judgment of the court by reason of the mere defects or irregularities which he imputes to the affidavit in controversy. Appellee urges that the paragraph in question is insufficient for other reasons, but as to these we do not deem it necessary to decide. It follows that the third paragraph of the application is insufficient, and the demurrers thereto were properly sustained.

The fourth paragraph of appellant's application seeks to set aside the judgment in the divorce proceeding on the ground that the plaintiff therein was guilty of fraud in imposing upon or misleading the court by means of the false statements in the affidavit which she filed that the residence of her husband was unknown to her. While it is against the policy of the law as a rule to disturb the judgment in divorce proceedings, still we recognize the well settled doctrine that a decree or judgment in such cases may, in a direct proceeding for that purpose, be set aside or vacated on the application of the injured party, where the judgment has been procured by the fraud of the party in whose favor it was rendered, or where such party has been guilty of fraud or trickery in preventing his or her adversary from being notified of the pendency of the action as required by law, or in preventing him from appearing therein or from defending the action. This right in some cases is accorded to the injured party even where the complainant in the divorce proceeding is dead or has remarried. But in such cases the court will be extremely cautious in the

exercise of its power to vacate the judgment, and the application to set aside must be timely made, and must present a strong case of fraud, in order to justify the court in disturbing the judgment. *Earle* v. *Earle,* 91 Ind. 27; Black, Judgments (2d ed.), §320; 2 Bishop, Mar., Div. & Sep., §1563.

If it be conceded as true that Mrs. Day in her divorce proceeding made a false affidavit to the effect that the residence of her husband at the time was unknown to her, such act on her part does not appear to have affected the court in respect to the notice which it ordered to be given to the defendant. The fourth paragraph of the complaint discloses, as do the others, that at the time the divorce action was instituted and for a long time prior thereto appellant was a resident of the state of California; therefore his wife's alleged fraud in making the affidavit resulted in no harm to him, for he was, under the order of the court, constructively warned or notified of the pendency of the action, as the law prescribes. Having been given such notice as the law under the circumstances exacted, the alleged falsity of the affidavit in question can not, in a legal sense, be said to have resulted in any harm or injury to him. The rule is well settled that no one is in a position to demand relief upon the ground of fraud upon the part of another, unless he establishes that he has suffered an injury specially to himself. This rule applies in proceedings to set aside a fraudulent divorce judgment. The alleged invalidity of such a judgment by reason of the fraud will not be inquired into by the court on the application of a party whose rights are not shown to have been specially affected by the fraud. 2 Bishop, Mar., Div. & Sep., §1543.

Under §320 Burns 1901, a plaintiff is not required in the affidavit filed for publication to give the particular place of the defendant's residence; hence, if Mrs. Day, in making the affidavit in question was proceeding, as it appears she was, under that section of the civil code, she could not be

charged with being guilty of actionable fraud. in failing to state in the affidavit what the law did not require. It can not be asserted that the judgment in the divorce case affected anything more than the mere status of the parties. It is not disclosed that any property rights were involved. It does not appear that the wife had any property in her own right at the time she obtained the divorce. It may be assumed, as nothing to the contrary appears, that the personal property which she left at her death may have been acquired by her after her divorce. Possibly it may have been settled upon her by the man whom she married after the divorce was granted. As previously shown, if the decree or judgment in question were set aside it would necessarily follow, by reason of the death of the complainant, that there would be no action pending nor anything for appellant to contest or defend. Under such circumstances the vacation of the judgment could only avail him to the extent of permitting him to become the inheritor of the personal property left by the deceased. The complaint at least inferentially shows that appellant lived separate and apart from his wife during the greater part of their married life. Possibly, therefore, if it were not for the property in question, the judgment of divorce would be of no great concern to appellant. In such a case as this, under the circumstances, a court of justice will be cautious and hesitate in granting the relief sought by the applicant, where it does not clearly appear that he is acting from good motives, and not for some expected personal advantage. *Singer* v. *Singer,* 41 Barb. 139; *Earle* v. *Earle,* 91 Ind. 27.

The cases of *Willman* v. *Willman,* 57 Ind. 500, and *Brown* v. *Grove,* 116 Ind. 84, 9 Am. St. 823, cited by appellant, are not applicable to the case at bar. In both of these latter cases it was, under the facts, shown that the court granting the divorce was absolutely without jurisdiction, and that, therefore, the judgment was void.

The fourth paragraph of the application is insufficient on demurrer. We conclude that the judgment in the divorce proceeding in question is valid and binding against appellant.

The judgment of the lower court is affirmed.