NELLIE DALLAS v. SARAH LUSTER, in Person, and as Executrix
of the Estate of William H. Dallas, Deceased; George C. Trevan;
Mrs. R. L. Webb; Eliza Wheeler; J. T. Trevan; Mrs. Carrie Trevan;
Bell Luster; George Fuller; Tessie Brown; Mrs. Joe McCraken;
Odesa Knott; and Little Dallas, whose true name is unknown.

(147 N. W. 95.)

**Decree of divorce — action to vacate — absence of legal service — death of
husband — maintainable — will — contest — fraud — undue influence.**
 *1. An action to vacate a decree of divorce, based upon the absence of legal
service upon the defendant, is maintainable even after the death of her husband,
when the same is instituted for the purpose of establishing the fact that she is
the widow of the deceased, and entitled to maintain proceedings to contest
his will on the ground of fraud and undue influence.

**Summons — service by publication — provisions of law — strictly construed.**
 2. The provisions of § 6840, Rev.· Codes 1905, relating to service by publica-
tion, are strictly construed, and must be strictly complied with.

**Divorce action — want of legal service — judgment — motion to set aside —
parties —waiver — general appearance — for specific purpose — does not
relate back so as to validate the divorce proceedings — jurisdiction.**
 3. The lack of legal service in a divorce action is not waived by a subsequent
motion by the wife in such action to show cause why the judgment "should not
be vacated and set aside, and why the defendant should not have a judgment
for the dismissal of said action, and such other and further relief as to the
court shall seem just," and where such motion is denied for the reason that
the plaintiff in the divorce action was dead, and that the property rights· in-
volved could not be considered by the court in the proceedings, as the proper
and necessary parties were not before it. The motion, though in a sense a
general appearance on account of the request for a dismissal of the action and
further relief, is a general appearance merely for the purpose of any further
proceedings that may be had on the reinstated action if the motion is granted
and the judgment is vacated. It does not relate back so as to validate the
divorce proceedings. Its only effect is to confer jurisdiction over the person
of the movant from its date.

Note.—The authorities on the right to contest the validity of a divorce decree
after the death of one or both of the parties are discussed in a note in 57 L.R.A.
583. And as to vacation of divorce decree after death of party, see note in 1 L.R.A.
(N.S.) 551. See also note in 125 Am. St. Rep. 230.

**Record — laches — not disclosed.**

4. The record examined, and *held* not to disclose proof of laches.

**Evidence — letters — objection — alteration.**

5. An objection to the introduction of letters on the ground that they are incompetent and immaterial does not raise the point that they have been altered since their receipt.

Opinion filed April 13, 1914.

Appeal from the District Court of Williams County, *Fisk,* J.

Action to set aside a decree of divorce. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Palmer, Craven, & Burns,* for appellants.

The marriage relation was severed by death and by the judgment entered, and the court will not set aside the judgment of divorce, unless there are property rights involved. Hite v. Mercantile Trust Co. 156 Cal. 765, 106 Pac. 102; Day v. Nottingham, 160 Ind. 408, 66 N. E. 998; 1 Current Law, 950; 15 Current Law, 1432.

The insufficiency of the service in the former action, if any, was waived by general appearance, and cannot be raised in this case. Henry v. Henry, 15 S. D. 80, 87 N. W. 522.

Such appearance is, in itself, a confession that the court had jurisdiction of the person of defendant. Wm. Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 928; Corbett v. Physicians' Casualty Asso. 135 Wis. 505, 16 L.R.A.(N.S.) 177, 115 N. W. 365.

A party who seeks relief on the ground of want of jurisdiction must object on that ground alone, and keep out of court for all other purposes. State ex rel. Thompson v. District Ct. 51 Minn. 401, 53 N. W. 714; Howland v. Jeuel, 55 Minn. 102, 56 N. W. 581; 2 Elliott, Gen. Pr. § 475; 3 Cyc. 514, 515, 517; Note to Corbett v. Physicians' Casualty Asso. 16 L.R.A.(N.S.) 177; Yorkey v. Yorkey, 3 N. D. 343, 55 N. W. 1095.

If the truth or falsity of testimony given in a case in which judgment has been entered could be subsequently inquired into, there would be no end to litigation. Graves v. Graves, 132 Iowa, 199, 10 L.R.A. (N.S.) 216, 109 N. W. 707, 10 Ann. Cas. 1104; Steele v. Culver (South

Haven & E. R. Co. v. Culver) 157 Mich. 344, 23 L.R.A.(N.S.) 564, 122 N. W. 95; Reeves v. Reeves, 24 S. D. 435, 25 L.R.A.(N.S.) 574, 123 N. W. 869.

In actions of this character, the plaintiff should show, by clear and convincing proof, that plaintiff in the divorce action was guilty of having practised fraud and deception, and had prejudiced her rights. Pico v. Cohn, 91 Cal. 129, 13 L.R.A. 336, 25 Am. St. Rep. 159, 25 Pac. 970, 27 Pac. 537; Reeves v. Reeves, 24 S. D. 435, 25 L.R.A. (N.S.) 574, 123 N. W. 869.

The absence of plaintiff's relatives, or their depositions as to her residence at time of divorce case, is not explained. 16 Cyc. 1062.

There were erasures and alterations in the purported letters of plaintiff's husband, favorable to plaintiff. This fact raises a presumption against such evidence, unless fully explained away. Wilson v. Hayes, 40 Minn. 531, 4 L.R.A. 196, 12 Am. St. Rep. 754, 42 N. W. 467.

Such alterations must be explained, and the burden is upon the party offering such letters, to make full and satisfactory explanation. Cass County v. American Exch. State Bank, 9 N. D. 263, 83 N. W. 12; 2 Cyc. 242; 1 Cyc. 815; Smith v. United States, 2 Wall. 219, 17 L. ed. 788; Tillou v. Clinton & E. Mut. Ins. Co. 7 Barb. 564; Acker v. Ledyard, 8 Barb. 514; O'Donnell v. Harmon, 3 Daly, 424; Huntington v. Finch, 3 Ohio St. 445; Wilde v. Armsby, 6 Cush. 314; 11 Enc. Ev. 953, note 8.

The fact that a part of the written letter has been cut off was a suspicious circumstance, throwing the onus on the respondent to fully explain. Burton v. American Guarantee Fund Mut. F. Ins. Co. 88 Mo. App. 392; Stillwell v. Patton, 108 Mo. 352, 18 S. W. 1075; Drosten v. Mueller, 103 Mo. 624, 15 S. W. 967; 11 Enc. Ev. 956; Baldwin v. Threlkeld, 8 Ind. App. 312, 34 N. E. 851, 35 N. E. 841; Speer v. Speer, 7 Ind. 178, 63 Am. Dec. 418; Rudolph v. Lane, 57 Ind. 115.

*Aaron J. Bessie* and *Palda, Aaker, & Greene,* for respondents.

The affidavit, made in the original or divorce action, to lay the foundation for the service of the summons by publication, was wholly defective. It is largely on information and belief, and no reference is made to any return of the sheriff, or that any diligence was used to ascertain the residence of the defendant in such action. The court

obtained no jurisdiction therein, and the divorce was void. Rev. Codes 1905, § 6840, subdiv. 3; Roberts v. Enderlin Invest. Co. 21 N. D. 594, 132 N. W. 145; Yorke v. Yorke, 3 N. D. 351, 55 N. W. 1095.

BRUCE, J. This is an action by a wife to vacate a decree of divorce. Though brought after the death of the husband, it is based upon a theory of property rights, and is instituted in order that the plaintiff may take proceedings to contest the will of her husband and recover her just share of his estate.

Being based upon property rights, the action is maintainable. Hite v. Mercantile Trust Co. 156 Cal. 765, 106 Pac. 102; Day v. Nottingham, 160 Ind. 408, 66 N. E. 998. Since there was no legal service upon the wife (the present plaintiff) in the original action, the judgment should be vacated and set aside. There was no personal service upon the then defendant, and no appearance by her or knowledge by her of the proceedings. The affidavit for publication of the summons was altogether insufficient. It was made by the attorney for the plaintiff, and went merely to the extent of the knowledge of that attorney. No attempt was therein made, even upon information and belief, to show that the plaintiff himself had no knowledge of the defendant's place of residence or address. There was in it no proof or even any statement of any effort, either on the part of the attorney or of his client, to ascertain her whereabouts. There was no proof even of the mailing of a copy of the summons and complaint to the defendant's last known address. The fact that defendant was not a resident of the state was merely asserted upon the belief of the attorney. The provisions of § 6840, Rev. Codes 1905, relating to service by publication, were, in short, totally ignored. That they must be strictly compliant with them is and should be the invariable rule and holding of this court. Roberts v. Enderlin Invest. Co. 21 N. D. 594, 132 N. W. 145. Nor were the defects cured and the proceedings validated by the subsequent appearance of the defendant wife in the action by a motion in which she prayed for an order to show cause why the judgment entered in the action "should not be vacated and set aside, and why the defendant should not have judgment for a dismissal of said action, and such other and further relief as to the court shall seem just." This, it is true, was to all intents and purposes a general appearance, and

was made such by the prayer for the dismissal and the further relief. It is true that to be a special appearance it should have stopped at merely asking for the vacation of the judgment. Corbett v. Physicians' Casualty Co. 135 Wis. 505, 16 L.R.A.(N.S.) 177, 115 N. W. 365; Henry v. Henry, 15 S. D. 80, 87 N. W. 522; William Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 926; 3 Cyc. 514, 515, 517.

It was however, a general appearance merely for the purposes of any further proceedings that might be had on the reinstated action if the motion had been granted and the judgment had been vacated. "It did not relate back so as to validate the void proceedings. Its only effect was to confer jurisdiction over the person of the defendant from its date." Yorke v. Yorke, 3 N. D. 351, 55 N. W. 1095; Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708.

The court having overruled the motion and dismissed the order to show cause, "for the reason that plaintiff in said action is dead, and said action, which was an action for divorce, was or would be thereby terminated by the death of said party, and that any property or rights which might be involved by reason of said decree cannot be considered by this court in this proceeding, for the reason that proper parties interested in any property or property rights were not made parties to said proceeding," the situation was the same as if the motion had never been made. Nothing then precluded the present plaintiff and the then defendant from bringing her own and independent action in equity, in which she could make parties defendant all who had any interest in the matter, and this she has done.

Nor should relief be denied her on the ground of laches. She did not learn of the decree until about July 1, 1911. She made her motion to vacate the judgment on or about August 3d, 1911. This motion was denied on September 8th, 1911. On August 5th, 1911, she started proceedings to contest the will of her husband, and on or about the 16th day of March, 1912, she commenced the present action. We find no evidence, in the record, of any unreasonable delay when we consider the necessity of preparing the bill in equity and obtaining the information necessary thereto; nor can we see any ulterior motive therein, or that any material injury has been occasioned to the defendants thereby. We know of no case in which a delay as limited as that in the case at bar has, of and in itself, been held to preclude the plaintiff from obtaining relief.

Having found that the court was entirely without jurisdiction in the divorce proceeding, on account of the want of personal service and an absolute failure to comply with the terms of § 6840, Rev. Codes 1905, when service by publication was sought, it is unnecessary for us to examine the evidence in the case for the purpose of discovering whether the deceased was guilty of fraud in the matter, and whether or not he sought to deceive her in regard to the institution of the proceedings. Nor is it necessary for the plaintiff to now meet or deny the charges in the deceased's bill of complaint. It is sufficient to say that she was his wife at the time of his decease, and is now his widow. The divorce proceedings abated on his death. The plaintiff is not in default, and never was. She is not required, as a ground for relief, to show evidence of a good and meritorious defense. She merely asks to be relieved of a judgment to which she was not a party in the eyes of the law, and which is not voidable upon consideration merely, but· absolutely void.

The same considerations apply, to a greater or less degree, to the claim of the defendant that some of the letters which were introduced by the plaintiff had been tampered with before their introduction.

Not only were the facts which were sought to be proven by these letters not necessary to be proved, the lack of service being once shown, but no objection to their introduction was made upon the ground of their alteration. The only objection, indeed, was that they were incompetent and immaterial.

The judgment of the District Court is affirmed.

Goss, J., being disqualified, did not participate.