FRANCISCO G. PLANAS, Plaintiff and Appellant, v. ANA CHAMBERS, Defendant and Appellee.

No. 8358. Argued November, 13, 1941.—Decided November 18, 1941.

*Diego O. Marrero* for appellant.    *Henry G. Molina* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Francisco G. Planas brought a suit for divorce against his wife, Ana Chambers, on the ground of desertion, and alleged that he was domiciled in San Juan and that "the defendant resides at present in the city of New York, State of New York, United States of America." The complaint was filed and the summons issued on October 25, 1939. On the same day, the marshal of the District Court of San Juan returned the summons, and stated in the return that "the present summons has not been served on defendant Ana Chambers, as the latter does not at present reside in the Island of Puerto Rico, and according to the best information obtained, which I consider true, this defendant is living at present in the city of New York."

On the same day, October 25, 1939, the plaintiff applied for and obtained an order for summoning the defendant by publication. He alleged in his motion "that he knows of his

own knowledge that the defendant is not residing here and her residence is not known to him, but he knows that she is residing in New York.'' After the edicts had been published, the default entered, and the case heard, without the appearance of the defendant, the lower court rendered judgment for the plaintiff on January 30, 1940.

On October 31, 1940, the defendant Ana Chambers filed a motion to set aside the judgment entered against her and requested leave to file an answer. She alleged in her motion that she had never been served with process; that no copy of the complaint or of the summons had been sent to her, despite the fact that the plaintiff knew and was aware of defendant's residence in New York at the time the proceedings were had; that plaintiff's allegation that he did not know the residence of defendant in New York is false, inasmuch as at that time the plaintiff used to send her regularly every week, through his son Frank Planas Chambers who worked in San Juan, the sum of $35, of which $10 was for his daughter; that the purpose sought by the plaintiff in failing to serve notice on the defendant was to secure a divorce behind defendant's back, without giving her an opportunity to defend the action; that it is not true that the defendant was not living with the plaintiff because she had refused to cohabit with him or that the defendant had deserted the home or had refused to return to it and live together with her husband; that at the time the complaint herein was filed, there was pending before the same court another divorce action between the same parties, and in spite of this the plaintiff disregarded the action already pending in order to commence a new action on a different ground for divorce; that the plaintiff had acted in bad faith, taking advantage of defendant's absence to secure a divorce behind her back.

The plaintiff in his opposition to the motion denied all the allegations wherein bad faith was charged against him, and as new matter he set up that ever since her return to

the Island in March 1940, the defendant was only interested in having the plaintiff bind himself in writing to pay her an allowance during her life and that of the plaintiff; that the plaintiff instructed his attorney to draw up such document; that the document was prepared but that the defendant never called to sign it; that the plaintiff heard no more of her until he was served with notice of the motion to set aside the judgment; and, lastly, that relying on the divorce decree the plaintiff had married Ligia Laforet Carbonell.

On November 28, 1940, the lower court, after hearing the evidence for both sides, made an order setting aside the divorce decree, on the ground that the same was void as it had been entered without the court having acquired jurisdiction of the defendant, and, further, because the circumstances demanded that the defendant should be given an opportunity to answer the complaint, for which she was granted a period of ten days.

Feeling aggrieved by that decision, the plaintiff has taken the present appeal, and in support thereof he urges that the lower court erred:

1. In holding that on October 25, 1939, the plaintiff knew the address of defendant in New York, and that he concealed this fact from the court so as not to have to notify the defendant by mail.

2. In holding that the divorce decree was void for want of jurisdiction of the defendant.

3. In abusing the discretion conferred on it by Section 140 of the Code of Civil Procedure by failing to take into account, when setting aside the judgment, that the plaintiff had remarried.

We will make a summary of the oral evidence considered by us pertinent for a determination of the only question involved in the present appeal, viz., whether or not the lower court abused its discretion in setting aside the judgment.

The first witness to testify was the defendant, who stated:

That she lived in Puerto Rico until August 27, 1939, when she went to the United States as she was very ill; that while she stayed in New York her husband, the plaintiff, continued to send her $25 weekly through his son; that she returned to Puerto Rico on March 28, 1940; that it was during said month of March that she learned for the first time that her husband had married and that her daughter brought her the news to the hospital; that while in New York she lived with her sister in Jackson Heights, L. I., and that her husband knew her sister and had been in her house several times; that on former occasions she had lived with her sister Mrs. Lizzie O'Briana at 60 Brooklyn Place, Brooklyn, also known by her husband; that it is not true that for the last five years she had refused to live with her husband; that she always looked after the home and the children; that it was he who deserted the home on September 17, 1934, saying that he would never come back, and she went on living in the home with her two children; that ever since then he did not return again to the home; that she could not say whether she would be willing to live again with her husband, as the latter had been living with another woman for five years.

Francisco J. Planas, a son of plaintiff, testified: That he had not intervened in the controversy between his parents as it was a very delicate matter for him; that after his mother sailed for New York, his father used to deliver to him every Friday $35 to be sent to his mother and this he did; that his father knew that she was in New York; that the plaintiff knew of his wife's illness by the letters which he used to receive; that during all that time his father had not told him that he had brought another divorce suit, and that he learned of the divorce through a social report in a newspaper where it was said that his father had married. On cross-examination by the defense, he stated that his father knew that his mother was in New York and even knew where

she lived, "because on several occasions I told him that she was living with her sister in New York, with mother's sister."

Section 140 of the Code of Civil Procedure provides, among other things, that—

"When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

The lower court found that at the time the plaintiff swore that "the defendant is not residing here and her residence is not known to him," said plaintiff knew where his wife was residing in the city of New York. The testimony of the defendant and of her son, which the court fully believed, are amply sufficient to sustain the findings of the lower court. It having been shown, therefore, that the plaintiff concealed from the lower court his knowledge of the address or residence of his wife in New York so that the order for publication of the summons should not include the requisite of notice by mail to the wife, the lower court acted correctly in holding that the service of process by publication was void and that the court lacked jurisdiction to render the divorce decree.

The case of *Ligare* v. *California Southern Railroad Co.*, 76 Cal. 610, 18 P. 177, cited by the appellant in support of his contention that it was not necessary to mail a copy of the summons to the defendant, has no application to the instant case, as the situation there presented was quite different from the one involved herein. In the cited case the sufficiency of the affidavit on which the service by publication was based was attacked on two grounds: (a) insufficiency as to the allegations regarding the steps taken to locate the defendant within the state, and (b) failure to allege in the affidavit that the place of residence of the defendant was not known to the plaintiff. As to the first ground, it was de-

cided that the affidavit was sufficient to justify the inference that due diligence had been exercised. As to the second, it was held that it was not necessary to state in the affidavit whether or not the place of residence of the defendant was known to the plaintiff, as this was a requisite to be complied with only in the case of a nonresident or absent defendant. See *Ricketson* v. *Richardson*, 26 Cal. 153, 154, and Sections 94 and 95 of the Code of Civil Procedure.

In the case at bar, as the defendant was in New York at the time the publication of the summons was requested, it was necessary that the plaintiff should state in his affidavit whether or not he knew the place of residence of the defendant. The plaintiff falsely swore that the residence of his wife was unknown to him, and rendered void the order for service by publication and all the proceedings had pursuant thereto.

We likewise consider inapplicable the decision in *Day* v. *Nottingham,* 66 N. E. 998, rendered by the Supreme Court of Indiana. That case rather upholds the contentions of the appellee herein and the order appealed from. It will suffice to quote the following paragraph:

"The fourth paragraph of appellant's application seeks to set aside the judgment in the divorce proceeding on the ground that the plaintiff therein was guilty of fraud in imposing upon or misleading the court by means of the false statements in the affidavit which she filed that the residence of her husband was unknown to her. While it is against the policy of the law as a rule to disturb the judgment in divorce proceedings, still we recognize the well-settled doctrine that a decree or judgment in such cases may, in a direct proceeding for that purpose, be set aside or vacated on the application of the injured party, where the judgment has been procured by the fraud of the party in whose favor it was rendered, or where such party has been guilty of fraud or trickery in preventing his or her adversary from being notified of the pendency of the action as required by law, or from preventing him from appearing therein or from defending the action. This right in some cases is accorded to the injured party even where the complainant in the divorce proceeding

is dead or has remarried. But in such cases the court will be extremely cautious in the exercise of its power to vacate the judgment, and the application to set aside must be timely made, and must present a strong case of fraud, in order to justify the court in disturbing the judgment.''

In the above-cited case the appellate court affirmed the judgment of the lower court refusing to set aside the divorce decree, on the ground that, although it was true that the plaintiff had falsely sworn that she did not know the place of residence of the husband, such a statement did not affect in any way the rights of the defendant, who during the whole divorce proceeding had resided within the State of California.

From a careful consideration of all the facts and circumstances of the instant case, we reach the conclusion that the lower court made proper use of its discretion, conferred upon it by Section 140 of the Code of Civil Procedure, in setting aside the divorce decree.

The remarriage of defendant herein, a fact which does not appear to have been established by the evidence, is not by itself sufficient to justify a reversal of the decision appealed from. If the court failed to acquire jurisdiction of the defendant in the divorce proceeding, by reason of the falsity of the affidavit made by the plaintiff, the latter can not by means of his marriage vest the court with a jurisdiction which it originally lacked.

The order appealed from must be affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.