**DeWayatt E. PERSINGER, Appellant**
**(Petitioner Below),**

v.

**Carol Harl PERSINGER, Appellee**
**(Respondent Below).**

No. 63A04–8703–CV–72.

Court of Appeals of Indiana,
Fourth District.

Nov. 17, 1987.

Molly P. Rucker, Michael Cheerva, Indianapolis, for appellant.

Dean H. Neeriemer, Washington, for appellee.

## MEMORANDUM DECISION

CONOVER, Presiding Judge.

Defendant–Appellant Estate of DeWayatt E. Persinger (Husband's estate) appeals

a Relief from Judgment Order in favor of Carol Harl Persinger (Wife) setting aside a divorce decree.

We reverse.

## ISSUES

Because we reverse, we address only one consolidated issue, whether the trial court erred in granting Wife's Trial Rule 60(B) motion to set aside the dissolution decree.

## FACTS

Husband and Wife were married on June 19, 1955, in Arlington, Virginia. Thereafter, the couple resided at 1021 Eighth Street in Arlington until 1957. At that time they moved to Alexandria, Virginia, then separated in September 1965. They stayed in contact until 1972 when Husband moved to Pike County, Indiana. Husband and Wife last saw each other at Wife's daughter's wedding in 1974. Husband visited Wife's residence on several occasions while daughter's wedding plans were extant.

In June 1983, Husband filed for divorce from Wife in the Pike Circuit Court. He filed an affidavit stating Wife's last known address was the Arlington, Virginia, address the parties had left in 1957, coupled with a statement he could not locate Wife after using due diligence. Notice sent to this address was returned for insufficient address. The court then ordered notice by publication in a Pike County newspaper. When Wife failed to appear, the court entered a default judgment granting the divorce only. The judgment did not affect either party's rights in their separate property.

Husband died in 1985. Wife, learning of the divorce action just after Husband's death, immediately filed her motion for relief from the divorce judgment. The trial court determined the dissolution decree was void and set aside its prior judgment. Husband's estate appeals.

## DISCUSSION AND DECISION

Husband's estate contends the trial court erred in granting Wife's T.R. 60(B) motion for relief from judgment. A T.R. 60(B) motion is addressed to the trial court's equitable discretion. The burden is upon the movant to affirmatively demonstrate relief should be granted. *Bays v. Bays* (1986), Ind.App., 489 N.E.2d 555, 560.

Here, Wife filed her T.R. 60(B) motion two years after the dissolution decree was entered. When relief from a judgment is sought under sections 1 through 4 of T.R. 60(B), the motion must be filed within one year of the judgment's entry. Motions seeking relief under T.R. 60(B)(6) and (8) may be filed within a reasonable time after entry thereof.

■ Under T.R. 60(B)(6), a trial court may grant relief when the judgment is void. A void judgment may be collaterally attacked at any time. *Schoffstall v. Failey* (1979), 180 Ind.App. 528, 389 N.E.2d 361, 363. However, only in the rare instance of a clear usurpation of power will a judgment be rendered void. *DuShane v. DuShane* (1985), Ind.App., 486 N.E.2d 1106, 1107.

■ Wife contends the judgment is void because Husband obtained jurisdiction in this case through fraud. Husband's estate claimed Husband used due diligence to locate Wife but was unable to do so. Wife, however, proved in the 60(B) hearing that allegation of Husband's affidavit was false. Husband was in contact with Wife's daughter until he died, and daughter knew Wife's current address. Husband gave the court an address which the parties vacated in 1957 even though they had lived at another address until 1965. Husband failed to provide the court with any address at which the Wife could be reached. Clearly, Husband did not use due diligence in trying to determine Wife's whereabouts so she could be personally served with process.

The trial court, accepting the allegations in the affidavit as true, ordered notice by publication. The Wife contends notice by publication was insufficient for the court to acquire personal jurisdiction over her.

Our Supreme Court recently said

Thus, it can be seen that notice should be such as is reasonably calculated to inform defendant of the pending proceedings. In making this determination we must decide whether the best method

possible has been utilized. A certain method is sufficient if no other method better calculated to give notice is available but is insufficient if another method obviously better calculated to give notice is available.

*Mueller v. Mueller* (1972), 259 Ind. 366, 287 N.E.2d 886, 889.

■ Although the trial court did not obtain personal jurisdiction over Wife, in personum jurisdiction over her was not a prerequisite to the entry of a dissolution decree. Petitioner's residence in the forum without more, gives the court jurisdiction in rem to dissolve a marriage. *In re Marriage of Rinderkneckt* (1977), 174 Ind.App. 382, 367 N.E.2d 1128, 1134.

The United States Supreme Court has upheld the validity of a divorce decree which changes the status of the parties from married to unmarried when one spouse has not been properly notified of the proceeding. In *Estin v. Estin* (1948), 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, Justice Douglas said

Marital status involves the regularity and integrity of the marriage relation. It affects the legitimacy of the offspring of marriage. It is the basis of criminal laws, as the bigamy prosecution in Williams v. North Carolina dramatically illustrates. The State has a considerable interest in preventing bigamous marriages and in protecting the offspring of marriages from being bastardized. The interest of the State extends to its domiciliaries. The State should have the power to guard its interest in them by changing or altering their marital status and by protecting them in that changed status throughout the farthest reaches of the nation. For a person domiciled in one State should not be allowed to suffer the penalties of bigamy for living outside the State with the only one which the State of his domicile recognizes as his lawful wife. And children born of the only marriage which is lawful in the State of his domicile should not carry the stigma of bastardy when they move elsewhere. These are matters of legitimate concern to the State of the domicile.

They entitle the State of the domicile to bring in the absent spouse through constructive service. In no other way could the State of the domicile have and maintain effective control of the marital status of its domiciliaries.

Those are the considerations that have long permitted the State of the matrimonial domicile to change the marital status of the parties by an ex parte divorce proceeding, *Thompson v. Thompson*, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347.

*Estin, supra*, 334 U.S. at 546–547, 68 S.Ct. at 1217.

Our Supreme Court was faced with almost identical facts as those currently before us in *Day v. Nottingham* (1903), 160 Ind. 408, 66 N.E. 998. In *Day*, wife requested a divorce from her spouse. She swore out an affidavit stating that upon diligent search husband's address was unknown. Notification to husband was published in a Lafayette newspaper. Husband lived at that time in California. Wife knew his address and knew notification by publication would not reach him. At her death, husband moved to have the divorce decree set aside. Our Supreme Court held

The affidavit was in the nature of evidence before the court. If the court, as it apparently did, held the document in its judgment to be sufficient to authorize the order of publication, its order in the premises, even though the affidavit was not sufficient, would simply be an error not affecting its jurisdiction....

*Day*, 66 N.E. at 998. Further, the court stated

The action instituted by Mrs. Day appears to have been for the sole purpose of procuring a divorce—no question of alimony or property rights apparently were involved.... Whatever right of action which she had in the suit in question was wholly personal to her, and there is no provision of the statutory law of this state to rescue such right or cause of action from the application and force of the principle asserted by the maxim, "Actio personalis moritur cum persona" (a personal right of action dies with the person). From the very nature or char-

acter of the case in controversy, the death of Mrs. Day, the complainant, must be held to have terminated all further proceedings in the matter, ...; for whatever right she may have had in that respect died with her person, hence her administrator could not be substituted as a plaintiff in the action....

*Day*, 66 N.E. at 1001. Accordingly, we find the divorce decree is not void.

■ We turn then to whether relief from the judgment should have been granted pursuant to 60(B)(8). It states:

> (B) Mistake—Excusable Neglect—Newly Discovered Evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
>
> .  .  .  .  .
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

Equity does not require the granting of relief from the judgment rendered here.

The parties had not lived together as man and wife for 18 years prior to the divorce decree. They had not talked to or seen one another for nine years prior to the divorce decree. A vacation of the decree would not allow the parties to relitigate this issue. It would serve no purpose than to make Wife the sole heir to Husband's estate.

■ Finally even if the decree were set aside, Wife has no meritorious defense against this dissolution action. A court must grant a dissolution of marriage once an irretrievable breakdown in the marriage is found to exist. *Abney v. Abney* (1979), Ind.App., 374 N.E.2d 264. Wife could not have prevented Husband from obtaining a dissolution even if she had been present at the proceedings. The decree did not affect either party's property rights as there was no joint property. The parties maintained themselves separately so no support was involved here. The only action taken by

the court was to declare the marriage dissolved in law as it had been in fact for the past 18 years. Equity lies with the Husband in this case.

Reversed and remanded with instructions to enter final judgment consistent with the holding of this opinion.

MILLER, J., concurs.

SHIELDS, P.J., concurs in result.