(107 N. W. 48.)

---

J. D. GILBREATH v. MARGARET TEUFEL, G. CHRISTIAN KLINK, ET AL.

Opinion filed February 15, 1906.

**The Propriety of an Order to Show Cause, to Secure a Speedy Hearing, Is Determined Ex Parte.**

1. An order to show cause may be granted for the purpose of bringing a motion before the court more speedily than it could be done by the ordinary notice; and the propriety of dispensing with the usual notice must be determined on the applicant's ex parte showing.

**Same — Where Opposite Party Opposes Such Order Upon the Merits at the Hearing, He Cannot Complain of Insufficiency of Time for Preparation.**

2. When a motion is brought before the court by an order to show cause, and the opposing party appears, and opposes the motion on the merits without making any claim that he has not had sufficient time to prepare for the hearing, it is improper to deny the motion on the ground that the order to show cause was improvidently issued.

**Vacating Judgment for Fraud.**

3. The district court has inherent power to vacate a judgment procured by means of proceedings which are in effect fraudulent.

**Same — Fraud on Court.**

> 4. In an action to determine adverse claims to real property, although the proceedings may in all things comply in form with the provisions of the statute relative to the manner of obtaining jurisdiction, it is nevertheless an abuse of the statutory provisions, and is in effect a fraud upon the court and the adverse claimants to not disclose, and name as defendant, all adverse claimants whose names and places of residence could be readily ascertained.

Appeal from District Court, Morton county; *Winchester, J.*

Action by L. D. Gilbreath against Margaret Teufel and others. Judgment for plaintiff, and defendants appeal.

Reversed.

*W. H. Stutsman,* for appellant.
*Nuchols & Murphy,* for respondents.

ENGERUD, J.   This is an action to determine adverse claims to real property, commenced and prosecuted to judgment under the provisions of chapter 30 of the Code of Civil Procedure (Rev. Codes 1899, section 5904 et seq.), as amended by chapter 5, page 9, Laws of 1901. Judgment by default was entered in plaintiff's favor December 7, 1903. The appeal is from an order denying appellant's application after judgment for leave to answer and defend the action.

On December 2, 1904, appellants served notice on plaintiff's attorneys that an application would be made to vacate the judgment, and for leave to answer, and also that application would be made for an order to show cause why the motion should not be heard and the relief granted on less than eight days' notice. On the same day an order was obtained returnable December 5, 1904, requiring the plaintiff to show cause why the relief asked for should not be granted, and the motion therefor heard  on  less than eight days' notice. The order, together with the affidavit and the proposed answer, was served on plaintiff's attorneys December 2d, and service admitted. On the return day the plaintiff appeared by counsel in opposition to the motion and presented a counter affidavit. After hearing both parties, the court made the order appealed from, which, after sundry former recitals, reads as follows: "The court further finds, as conclusions of law, that applicants have not shown such diligence in making their application in time so that the required eight days' notice might be given of

the hearing of said motion before the expiration of one year from the entry of the judgment in said action, as would move the court to exercise its discretion in favor of the prayer of applicants. Therefore it is ordered that the application to shorten the time as prayed be not granted, and the order to show cause is hereby discharged, with $10 motion costs to plaintiff's attorneys."

It is apparent from the record that it was considered in the court below that the propriety of permitting the motion to be heard on less than eight days' notice was one of the questions involved on the hearing pursuant to the order to show cause, as well as the merits of the motion. This was plainly a misconception of the question before the court, as well as of the office of an order to show cause. The latter was merely a means of bringing the motion before the court on less than eight days' notice. Whether such an order shall be granted or not is a discretionary matter which is decided on the applicant's ex parte showing. After the court has thus permitted a motion to be heard on less than the usual notice, the motion is as fully before the court on its merits as if the full eight days' notice had been given. If it shall appear on the hearing that the adverse party has not had sufficient time to prepare for the hearing, his rights can be amply protected by a continuance, if necessary. Although the order appealed from is ambiguous, and might be construed as one merely quashing the order to show cause on the ground that it was improvidently issued and hence was not a denial of the appellant's motion on the merits, it is quite evident from the whole record that it was intended to be and was in fact a final order on the merits of the motion, which would bar another application for the same relief. That this was the effect of the order is evident from the fact that the record shows that the opinion prevailed in the court below that the appellants were entitled to no relief unless the motion to vacate the judgment was heard within one year after the entry of the judgment. It was for this reason the order to show cause was applied for and granted, and made returnable before the expiration of the year; and the motion to vacate was denied, as disclosed by the order appealed from, because the moving party had "not shown such diligence in making the application in time so that the required eight days' notice might be given of the hearing of said motion before the expiration of one year from the entry of the judgment." No objection was made to the hearing of the motion at the time

fixed by the order to show cause on the ground that the plaintiff had not had sufficient time to prepare therefor. The plaintiff presented a counter affidavit and the merits of the motion were fully presented. For these reasons we must construe the order as a final one denying appellant's motion on the merits.

The facts which we deem material to the application are undisputed. The appellants are the heirs of Christian Teufel and G. Christian Klink, respectively, both deceased. Christian Teufel died in 1896 at Cleveland, Ohio; and G. Christian Klink died in 1889 at Chicago, Ill. Teufel and Klink, in 1885, acquired the fee-simple title to the land as tenants in common, and each of them died seised in fee of an undivided one-half of it. The title of each passed to their respective heirs, the present appellants, all of whom are nonresidents of this state. The plaintiff claims to have acquired title to the land by virtue of one or more tax sales. It seems that there has never been any administration of the estates of the two decedents in this state; and said Teufel and Klink still appear on the record as the owners of the land subject to plaintiff's alleged tax title.

The only designation of the defendants in this action was "Christian Teufel and G. Christian Klink and all other persons unknown claiming any estate or interest in or lien or incumbrance upon the property described in the complaint, and their unknown heirs." The complaint was in the form prescribed by section 5907, Rev. Codes 1899, as amended by chapter 5, page 9, Laws of 1901. It was duly verified and filed. The summons was issued and returned by the sheriff showing the defendants could not be found. An affidavit for publication of the summons was filed stating that the places of residence of the defendants named were not known; that the last known residence of defendants G. Christian Klink and Christian Teufel was Chicago, Ill.; and that personal services upon said defendants could not be had in this state. Thereupon the summons was published in a newspaper the number of times prescribed by statute. Two copies of the summons and complaint were mailed, one addressed to Christian Teufel, Chicago, Ill., and one to G. Christian Klink at the same place. After the expiration of 30 days from the last publication, proof of the substituted service was made and judgment entered by default. All the proceedings seemed to comply in form with the statutory requirements.

It appears from the counter affidavits presented by plaintiff in opposition to the motion that her authorized agent who had the entire management of her business affairs, including this litigation, had actual knowledge, long before the commencement of this action, that Teufel and Klink were dead, and that their respective widows and children were living. He had a conversation with one Franks, who represented himself to be the agent for the heirs, and attempted to negotiate a settlement with him of the conflicting claims to the land. He also had some correspondence in 1902 with one J. H. Reese, the executor of the estate of Christian Teufel, deceased, relative to the same matter. It is plainly evident that if the said agent did not in fact know the names and addresses of the heirs, it was because he did not take the trouble to inquire. He knew where the information could be had, and it was easily accessible. Under such circumstances, a person cannot be permitted to assert ignorance of facts which reasonable inquiry would disclose. It is needless to say that her agent's knowledge is chargeable to plaintiff. It is too plain for argument that the proceedings resulting in this judgment were a gross abuse of judicial process even if it be conceded that they were in form "due process of law." The real persons whose rights were sought to be barred by the judgment were not named but were included in a general designation of "unknown," although they were in fact known to the plaintiff, or at least ought to have been. The two ostensible defendants named were known to be out of existence; but that fact was not disclosed. Copies of the summons and complaint were mailed, addressed to the last known residence of the dead men. The real defendants being ostensibly "unknown," the necessity of mailing copies of the papers to them was avoided. In this way the probability of notice of the pending action ever reaching the real defendants before the expiration of a year was reduced to a minimum. To permit a judgment based on such procedure to stand would be a reproach to the administration of justice.

It is contended that the proceedings are in all things in strict compliance with the statutory provisions regulating the procedure in this form of action. We deem it entirely immaterial under the circumstances of this case whether the proceedings did or did not comply in form with the statute; and it is therefore unnecessary to discuss that question. Assuming that the proceedings did formally comply with the statutory requirements, and assuming that such procedure could be held to be "due process," and would

be valid as against collateral attack, the fact remains that the statutory forms were abused. Whether any actual deceit was intended or not, the effect of the procedure followed was a fraud on the court as well as upon the defendants. There was apparently no unnecessary delay in seeking relief, and the motion was made within the year. Independently of the statute the court had power to grant relief and ought to have done so. Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Martinson v. Marzolf (N. D.) 103 N. W. 937; Freeman on Judgments, section 100.

The order appealed from is reversed. The district court will be directed to vacate the judgment, and the action will then stand for trial on the answer served by the defendants. The appellants will recover the costs of this appeal. All concur.