ROBERT T. ROBERTS v. ENDERLIN INVESTMENT COMPANY, a Corporation, T. L. Beiseker, and All Other Persons Unknown, Claiming Any Estate or Interest in, or Lien or Encumbrance upon the Real Property Described in the Complaint.

(132 N. W. 145.)

**Process — Service by Publication — Requisites — Jurisdiction.**

1. Filing the return of the sheriff, specified in subdivision 3 of § 6840 of the Code, thirteen days after the filing of the affidavit therein specified, and after the summons had been twice published, is not a sufficient compliance with the provisions of said subdivision to confer jurisdiction by publication of summons, when no other service of the summons was made, and no appearance was made by defendant in the action.

**Process — Service by Publication — Sheriff's Return — Affidavit.**

2. The provisions of § 6840 of the Code must be strictly complied with, to render effective an attempted service of summons by publication.

**Process — Service by Publication — Sheriff's Return — Time of Filing.**

3. In cases under subdivision 3 of § 6840 of the Code, the provisions thereof require that the return of the sheriff, therein specified, be filed in the action prior to the first publication of summons, in order to authorize service of the summons by publication.

**Process — Service by Publication — Sheriff's Return — Affidavit — Time of Filing.**

    4. In a case arising under subdivision 3 of § 6840 of the Code, the filing of the return of the sheriff, therein specified, prior to the first publication of the summons, is a jurisdictional prerequisite, and a failure to so file such return is fatal to the validity of the service of the summons by publication.

Opinion filed June 6, 1911.

Appeal from District Court, Wells county; *Burke*, Judge.

Action by Robert T. Roberts against the Enderlin Investment Company and others. Judgment for defendant T. L. Beiseker, and plaintiff appeals.

Reversed and remanded, with instructions to render judgment for plaintiff.

*Youngblood & Wipple* (*Purcell & Divet*, of counsel), for appellant.

Verification of pleading by party must be in statutory form. 31 Cyc. 541, 542; Wagoner v. Wagoner, 76 Md. 311, 25 Atl. 338; Columbus Show Case Co. v. Brinson, 128 Ga. 487, 57 S. E. 871; Gjerstadengen v. Hartzell, 8 N. D. 424, 79 N. W. 872; Smith v. Stubbs, 16 Colo. App. 130, 63 Pac. 955.

Strict compliance with statute is essential to publication of summons. H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974; Barber v. Morris, 37 Minn. 194, 5 Am. St. Rep. 836, 33 N. W. 559; Priestman v. Priestman, 103 Iowa, 320, 72 N. W. 535; Stillman v. Rosenberg, — Iowa, —, 78 N. W. 913; Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708; Corson v. Shoemaker, 55 Minn. 386, 57 N. W. 134; Easton v. Childs, 67 Minn. 242, 69 N. W. 903.

*E. H. Wright, R. A. Palmeter,* and *Edward P. Kelly,* for respondents.

Defendant alone can object to irregularity in the statutory prerequisites to an attachment. Hawley v. Delmas, 4 Cal. 195; Wilke v. Cohn, 54 Cal. 212; Merced Bank v. Morton, 58 Cal. 360; Scrivener v. Dietz, 68 Cal. 1, 8 Pac. 609; Fridenberg v. Pierson, 18 Cal. 152, 79 Am. Dec. 162; Leppel v. Beck, 2 Colo. App. 390, 31 Pac. 185; Russell v. Work, 35 N. J. L. 316; Steinam v. Gahwiler, — Tex. Civ. App. —, 30 S. W. 472; Ex parte Perry Stove Co. 43 S. C. 176, 20 S. E. 980.

Same, as to statutory prerequisites for substituted service.

NUCHOLS, Special Judge. This is an action to determine adverse claims to a certain tract of land described in the complaint, situate in the county of Wells and state of North Dakota. The complaint is in the regular statutory form. The respondent, T. L. Beiseker, is the only defendant who appeared in any manner in the action. The answer of the respondent, T. L. Beiseker, denies that the plaintiff has any interest in said land, except as the vendor in a certain contract in writing for the sale thereof to one William Wagner. Said answer further alleges, in substance, that said defendant succeeded to all the rights of said William Wagner under said contract, by purchase at a sale under execution of all his interest and equity in said land; that said defendant has tendered to plaintiff the balance of the purchase price of said land, according to the terms of said contract, and prays that plaintiff be required to execute and deliver to said defendant a deed to the said land, upon payment to plaintiff of said purchase price.

Plaintiff's reply admits the execution and delivery of said contract, but alleges a mutual rescission and cancelation thereof prior to the commencement of this action; and further alleges that the sale under execution of the interest of said William Wagner in said land was void, for reasons which will be considered hereafter.

The action was tried to the court without a jury, and judgment was entered directing plaintiff to execute and deliver to the respondent, T. L. Beiseker, a good and sufficient deed of warranty to the land, upon the deposit by said respondent, with the clerk of the district court, of the sum of $2,766.93, the amount found to be due the plaintiff under said contract, and from which was to be deducted the costs of the action. From this judgment plaintiff appeals to this court, and demands a review of the entire case under § 7229 of the Code.

The record is rather voluminous, and we shall not state all the facts, but only such ultimate facts as we deem necessary to an understanding of this opinion.

On the 16th day of June, 1908, appellant, who was then the owner of the land in question, contracted in writing to sell the same to one William Wagner for the sum of $2,800, to be paid by delivering to appellant each year a designated share of the crops grown thereon, until said sum was paid. Said Wagner delivered to appellant his share of the crops for the year of 1907, which was credited on the purchase price of said land, but in 1908, Wagner abandoned the land before the

crops of that year were harvested. Appellant thereupon took possession and has ever since been in possession of the land. On the 6th day of March, 1909, prior to the commencement of this action, said Wagner, by an instrument in writing, duly acknowledged, released, and relinquished all his right, title, and interest in the land to appellant. On the 11th day of August, 1908, before Wagner had released his interest in said land, respondent, Beiseker, attached same in an action in the district court of Wells county, against Willie Wagner, who is the same person as William Wagner, vendee in said contract, to recover an alleged indebtedness from said Wagner to said respondent.

On the 12th day of August, 1908, said respondent filed in said action an affidavit stating in substance that the residence and address of said Wagner were unknown, and that personal service of the summons could not be had on him in this state to the best knowledge, information, and belief of affiant. Summons in said action was published once each week for six successive weeks in a proper newspaper, the first publication being on the 14th day of August, 1908, and the last publication on the 18th day of September, 1908.

On the 25th day of August, 1908, the sheriff made and filed his return in said action, certifying that the summons therein was received by him on the 11th day of August, 1908, and that after diligent inquiry he was unable to make service thereof on said Wagner. No other attempt was made to serve the summons on Wagner; he did not appear in any manner in the action, and judgment by default was taken against him for a sum therein specified, and the judgment directed the sale of the attached property to satisfy the same.

On the 19th day of April, 1909, the sheriff of said county of Wells purported to sell to the respondent, Beiseker, all the equity and interest of said Wagner in the land in question, pursuant to a special execution issued on said judgment; and delivered to said respondent a certificate of sale therefor, and no redemption therefrom has ever been made. Before the action at bar was commenced, appellant was notified by respondent, Beiseker, that he had succeeded to the rights of said Wagner under said contract, and was ready, able, and willing to perform all the conditions thereof to be performed by said Wagner; but appellant refused to accept such performance by said respondent.

Appellant is the sole and unqualified owner of the land, unless the respondent, T. L. Beiseker, acquired the rights and interest of said

William Wagner in said contract, and is entitled to a deed upon the performance of the conditions thereof to be performed by the said Wagner. If said respondent has any interest in the land, the same was acquired by purchase at the sale under execution of the equity and interest therein of William Wagner, the vendee in said contract. But counsel for appellant contend that the judgment on which the execution was issued is void for several reasons, one of which reasons is that the return of the sheriff was not filed with the clerk of court at the time the affidavit for publication of the summons was filed, nor until after the summons had been twice published.

The cases in which, and the manner in which, service of the summons may be made by publications, are specified in § 6840 of the Code, which reads as follows: "Service of the summons in an action may be made on any defendant by publication thereof upon filing a verified complaint therein with the clerk of the district court of the county in which the action is commenced, setting forth a cause of action in favor of the plaintiff and against the defendant, and also filing an affidavit stating the place of defendant's residence, if known to the affiant, and if not known, stating that fact, and further stating: 1. That the defendant is not a resident of this state; or, 2. That the defendant is a foreign corporation, joint stock company, or association, and has no agent or person in this state upon whom service may be made under the provisions of § 6838; or, 3. That personal service cannot be made on such defendant within this state to the best knowledge, information, and belief of the person making such affidavit; and in cases arising under this subdivision the affidavit shall be accompanied by the return of the sheriff of the county in which the action is brought, stating that after diligent inquiry for the purpose of serving such summons, he is unable to make personal service thereof upon such defendant."

The affidavit was filed on the 12th day of August; the first publication of the summons was on the 14th day of August, and the sheriff's return was made and filed on the 25th day of August, thirteen days after the affidavit was filed and eleven days after the first publication of the summons, and after the summons had been twice published; and the summons was only published four times after the sheriff's return was filed. Such publication was the only attempt to serve the summons on the defendant therein. We must hold that this was not

a sufficient compliance with the requirements of subdivision 3 of § 6840 of the Code, under which that case arose, to confer jurisdiction on the court to enter any judgment against the defendant, in the absence of any appearance by him in the action. The provisions of our Code are to be liberally construed, with a view to effect its object and to promote justice, yet, by the great weight of authority, including courts of states having statutes similar to ours for the liberal construction of the provisions of the Code, the rule is that statutes providing for the service of summons in any other manner than by personal service must be literally complied with and strictly followed, and we decide that the requirements of § 6840 of the Code must be strictly complied with to render effective an attempted service of summons by publication. 32 Cyc. 467; Cohn v. Kember, 47 Cal. 144; Stull v. Masilonka, 74 Neb. 309, 104 N. W. 188, 108 N. W. 166; Fink v. Wallach, 47 Misc. 247, 95 N. Y. Supp. 872; Gilmore v. Lampman, 86 Minn. 493, 91 Am. St. Rep. 376, 90 N. W. 1113; Granger v. Superior Ct. Judge, 44 Mich. 384, 6 N. W. 848; Harness v. Cravens, 126 Mo. 233, 28 S. W. 971; Hafern v. Davis, 10 Wis. 501; Paxton v. Daniell, 1 Wash. 19, 23 Pac. 441; Beckett v. Cuenin, 15 Colo. 281, 22 Am. St. Rep. 399, 25 Pac. 167; Mills v. Smiley, 9 Idaho, 325, 76 Pac. 786.

In Simensen v. Simensen, 13 N. D. 305, 100 N. W. 708, this court, construing a former statute providing for the publication of summons upon the order of court, said: "The statute was mandatory, and a failure to comply strictly therewith operated to confer no jurisdiction of the person of the defendant." In the case of Rockman v. Ackerman, 109 Wis. 639, 85 N. W. 491, the supreme court of Wisconsin, construing a statute providing for the service of summons by publication in cases therein specified, and providing that the order shall direct the service of the summons by publication thereof, and that on or before the date of the first publication, plaintiff shall mail copy of the summons and complaint as therein prescribed, held that the mailing of the copy before the making of the order was insufficient, and that subsequent publication of the summons conferred no jurisdiction of the person of the defendant.

Service of summons by publication is purely of statutory creation, and is effective only as the statute makes it so. Whatever the statute prescribes as a prerequisite condition cannot be dispensed with, and a failure to strictly comply with the provisions of the statute renders

the attempted service fatally defective. When a proceeding is commenced to obtain service of the summons by publication, the defendant has a right to examine the records in the case and to govern his conduct accordingly. It is therefore necessary that proof of the right, under the statute, to make service of the summons by publication, should appear in the files and records of the action before publication of the summons is commenced.

The filing of the required affidavit prior to the publication of the summons is a jurisdictional prerequisite by the provisions of § 6840 of the Code; and in cases arising under subdivision 3 of said section, the provision thereof that the affidavit therein specified, stating that personal service of the summons cannot be had on the defendant in this state to the best knowledge, information, and belief of affiant, shall be accompanied by the return of the sheriff certifying that after diligent inquiry or the purpose of serving the summons, he is unable to make personal service thereof, requires that such return of the sheriff be filed in the action prior to the first publication of the summons.

. The statute requires, in such cases, that the inquiry by the sheriff for the purpose of serving the summons be made prior to the making and filing of the affidavit, and that both such return and affidavit be filed in the action prior to the first publication of the summons. The filing of the return of the sheriff, in cases in which the same is required, prior to the first publication of the summons, is as truly a jurisdictional prerequisite as is the filing of the required affidavit; and a failure to file such return is fatal to the validity of the service of the summons by publication. Publication of the summons prior to the filing of the return of the sheriff, in cases in which such return is required, is unauthorized by the statute, is equivalent to no publication, and confers no jurisdiction on the court to render a judgment against any defendant on whom there was no service of the summons, and who did not appear in the action.

We must therefore hold that in the action by the respondent, T. L. Beiseker, against Wagner, the court acquired no jurisdiction by publication of the summons therein, for the reason that the return of the sheriff, required therein, was not filed prior to the first publication of the summons, and consequently the judgment therein against Wagner was absolutely void. The judgment being void, it follows that all subsequent proceedings based thereon were void, and the attempted sale

under a void execution of the interest and equity of said Wagner, in the land in question, to the respondent, T. L. Beiseker, was absolutely void, and he acquired no interest whatever in the land by the purchase at such void sale. Other reasons are assigned by counsel for appellant why said judgment is void, but we need not consider them in this opinion.

By § 6940 of the Code, the lien of an attachment lapses and ceased to exist, unless the summons is served personally, or the publication thereof commenced within sixty days after the issuance of the warrant of attachment. The publication of the summons therein referred to means legal publication. As no summons in the attachment action was served on Wagner, and the summons in said action was never legally published, therefore the lien of the attachment ceased to exist before the action at bar was commenced, and the respondent, T. L. Beiseker, had no estate or interest in, or lien or encumbrance upon, the land in question when this action was tried in the district court, and judgment should have been entered therein in favor of plaintiff and appellant, quieting his title to the land against all claims of each and all of the defendants.

The judgment of the district court is therefore reversed, and the cause remanded for the entry of judgment in the district court in favor of the plaintiff and appellant, in accordance with this opinion, with costs to plaintiff and appellant in this court and the court below, to be taxed in the district court. It is so ordered.

All concur, except MORGAN, Ch. J., not participating, and BURKE, J., disqualified, having tried the case in the lower court; Hon. A. G. BURR, Judge of the Ninth Judicial District, and Hon. S. L. NUCHOLS, Judge of the Twelfth Judicial District, sitting by request.