JENKS, Respondent, vs. ARMS, Appellant.

*February 9—March 2, 1915.*

*Process: Service by publication: Affidavit: By whom made: Requisites: Clerical error.*

1. The affidavit provided for in sec. 2640, Stats., may be made by plaintiff's attorney, and no statement that it is made on behalf of the plaintiff is required.
2. Where such an affidavit was subscribed by S. M., who, as shown by the attached complaint, was plaintiff's attorney, and all the jurisdictional facts were positively stated therein and sworn to by him, a recital at the beginning of the affidavit that "R. J., being duly sworn, on oath says that he is the plaintiff above named and makes this affidavit in his own behalf," did not render the affidavit insufficient. Such error, being manifestly not prejudicial, may be disregarded under secs. 2829, 3072m, Stats., or the affidavit may be treated as amended in that regard under sec. 2830.

APPEAL from an order of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge.  *Affirmed.*

This is an appeal from an order refusing to vacate a judgment on service obtained by publication.  The following is the affidavit:

"STATE OF WISCONSIN, ⎱ ss.
    County of Clark.    ⎰

"*Romeyn M. Jenks,* being duly sworn, on oath says that he is the plaintiff above named and makes this affidavit on his own behalf; that the above entitled action has been commenced by the issuance of a summons therein, of which a copy is hereto annexed; that the plaintiff's complaint herein is duly verified and has been filed with the clerk of the circuit court of said Clark county, and that a copy thereof is hereto attached; that a cause of action exists in favor of the plaintiff against defendant; that the said defendant, *James O. Arms,* is a nonresident of the state of Wisconsin; that said defendant has property within said county of Clark and state of Wisconsin; and that the cause of action set forth in the complaint arose within said county and state and that the court has jurisdiction of the subject of the action; that said plaintiff is unable with due diligence to make service of the summons in said action upon said defendant, and that said defendant cannot be found within the state of Wisconsin, although diligent effort to find him and serve upon him the said summons has been made as appears by the return of the sheriff of said Clark county indorsed upon said summons; that said defendant's postoffice address and residence is 4120 Chicago avenue, Minneapolis, Hennepin county, Minnesota.

"That the property owned within said state of Wisconsin by defendant consists of an interest in a farm located in said Clark county, described as follows, to wit: the north half of the southwest quarter and the southwest quarter of the southwest quarter of section number twenty-four (24), township number twenty-six (26) north, range number one (1) west, and certain moneys and credits in the hands of the Citizens' State Bank of Loyal, Ellen A. Hephner, Walter J. Rush, and R. E. Andrews, the amount of which is unknown to plaintiff.

                                        "S. M. MARSH."

The complaint referred to in the affidavit and thereto attached is signed "S. M. Marsh, Plaintiff's Attorney," verified and filed. The order of publication is in proper form and recites, "It appearing to my satisfaction from the affidavit of the plaintiff above named, the certificate of return of the sheriff on the summons 'in said action, as well as from the verified complaint of the plaintiff on file in this action, . . ." The order further states the facts proper to appear therein and orders the service of summons by publication, or, at the option of the plaintiff, that a copy of the summons and complaint be delivered to the defendant personally without the state of Wisconsin. It further appears that the summons and complaint were duly delivered to and left with the defendant in the state of Minnesota.

The cause was submitted for the appellant on the brief of *W. J. Rush,* attorney, and *Homer C. Clark,* of counsel, and for the respondent on that of *S. M. Marsh,* attorney, and *Alfred L. Devos,* of counsel.

KERWIN, J. The question here is whether the judgment was void because no service was had upon the defendant. It is not denied that there was good service if the affidavit for an order of publication was sufficient.

Sec. 2640, Stats., provides:

"The order mentioned in the preceding section shall be made by the court or a judge thereof within ten days after the date of the affidavit herein required. The application therefor shall be based upon the complaint, duly verified and filed, and an affidavit, together showing the facts required to exist and that the plaintiff is unable, with due diligence, to make service of the summons upon the defendant in respect to whom such order is applied for. . . ."

The complaint is signed by S. M. Marsh as attorney for plaintiff and is made part of the affidavit, so it is plain that Marsh was acting for the plaintiff and made the affidavit as

attorney for plaintiff.    The affidavit may be made by the attorney.    *Young v. Schenck,* 22 Wis. 556.    The statute does not require that the affidavit be made by any particular person.    It requires that the complaint be duly verified and together with an affidavit must show the facts required to exist. The affidavit under this statute obviously may be made by any person having knowledge of the facts, and the fact that the affidavit did not state upon its face that it was made on behalf of the plaintiff would not be fatal, although in the instant case it does sufficiently appear that it was made by the attorney for plaintiff.

Some of the cases relied upon by appellant are under the attachment statute, sec. 2731, which contains an express provision requiring the affidavit to be made by the plaintiff "or some one in his behalf."    *Wiley v. C. Aultman & Co.* 53 Wis. 560, 11 N. W. 32; *Maguire v. Bolen,* 94 Wis. 48, 68 N. W. 408.    But under sec. 2640, Stats., no statement that the affidavit is made on behalf of the plaintiff is required, and it is sufficient that the affidavit and complaint together show the facts required to exist.    *Bragg v. Gaynor,* 85 Wis. 468, 55 N. W. 919.

The affidavit here is in due and proper form except that it begins by stating that *"Romeyn M. Jenks,* being duly sworn, on oath says that he is the plaintiff above named and makes this affidavit in his own behalf."    This affidavit being sworn to by Marsh, who from the complaint attached to the affidavit appears to be the attorney for plaintiff, the statement in the beginning of the affidavit is obviously an error which may be disregarded, since all the jurisdictional facts are positively stated and sworn to by Marsh, or the affidavit in this regard may be regarded as amended under secs. 2829, 2830, and 3072m, Stats., since it is manifest that the error was not prejudicial.    *People ex rel. Kenyon v. Sutherland,* 81 N. Y. 1; *Silver Peak Mines v. Hanchett,* 80 Fed. 990; *Hands v. Clements,* 11 Mees. & W. 816.

In *Torrans v. Hicks,* 32 Mich. 307, an affidavit was signed and sworn to by "Charles H. Lee," but began with the recital, "Fred B. Lee of said county, being duly sworn, . . ." and the court held that it must be treated in legal effect the same as if there had been no recital of any name in the body of the affidavit, and the recital made disregarded as a clerical error. So we think in the instant case the statement in the beginning of the affidavit may be disregarded as a clerical error or may be treated as amended.

We are convinced that the court below was right in refusing to vacate the judgment.

*By the Court.*—The order appealed from is affirmed.