J. O. JENSEN, as Administrator of the
Estate of Jens J. Jensen, Plaintiff
and Appellant,

v.

Alfred SCHWARTZ, Ella Schwartz, Warren
H. Schwartz, Billings County, a North Da-
kota Public Corporation, Mobil Producing
Company, a foreign corporation, Stanolind
Oil and Gas Company, a foreign corpora-
tion, and all other persons unknown, claim-
ing any estate or interest in, or lien or
encumbrance upon the property described
in the complaint, Defendants and Respond-
ents.

Supreme Court of North Dakota.

May 29, 1958.

Rehearing Denied June 23, 1958.

Lyche & Lyche, and H. G. Ruemmele, Grand Forks, for plaintiff and appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for Alfred Schwartz, Ella Schwartz and Warren H. Schwartz.

W. W. Eichhorst, Medora, for Billings County.

Cox, Pearce & Engebretson, Bismarck, for respondents Mobil Producing Company and Stanolind Oil & Gas Co.

GRIMSON, Chief Justice.

This is an action to quiet title and determine adverse claims to the Southwest Quarter (SW¼) of Section Three (3), in Township One Hundred Thirty-seven (137), North, Range One Hundred (100) West of the 5th p. m. in Billings County, North Dakota. Jens J. Jensen was the owner of this property at the time of his death. The plaintiff, a son, as Administrator of the Jensen Estate claims ownership of said land for the heirs and asks for an accounting. The defendants deny his claim and allege that they are the owners of the land in question by virtue of a tax deed from Billings County, adverse possession, and an action to quiet title in Alfred Schwartz. The defendant, Mobil Producing Company claims to have oil and gas leases in the land involved, and the Stanolind Oil & Gas Company claims to have mineral interests. Billings County claims no interest in the land or oil and supports the claim of the defendants.

The record shows a warranty deed to "Jens J. Jensen, St. Paul, Minnesota" conveying to him the property above described, dated April 13, 1922.

The evidence shows that this is ranch land. Mr. Jensen never lived on it. He leased it to a neighboring rancher. He died in St. Paul, Minnesota, on June 21, 1924. No Administrator was appointed at that time. Following his death his widow, Annie Jensen, took over the management and paid the taxes. She died in 1937. Her last tenant was Dick Myers who left the land in the fall of 1936. He left a fence he had built on the land and it was accepted by the heirs as payment of his rent. The plaintiff, J. O. Jensen, then claims that he wrote the defendant, Alfred Schwartz, an adjoining rancher, a letter to the effect that he could rent the land

718

on the same terms as Myers had but he would have to pay for the fence if he moved it onto his own place. He received no reply but claims the offer was accepted. Schwartz claims he does not remember receiving that letter but he did actually take over possession of the premises in 1937 and moved a part of the fence over on his land to make those premises a part of his ranch. He made further improvements. Schwartz claims he rented these premises from the county commissioners in 1937 and 1938, and that he paid them for the fence. There is no evidence from the county to support that. It was not until 1938 that the county took any steps to procure a tax deed. The plaintiff, however, showed no more interest in this land and kept no track of what was being done with the premises until seventeen years later. On July 10, 1953, he sent a registered letter to the defendant, Alfred Schwartz, demanding the rent. When defendant paid no attention to that letter plaintiff commenced proceedings in the county court of Billings County for the administration of the Estate of Jens J. Jensen and secured appointment as the administrator of said estate on April 19, 1954, and shortly thereafter commenced this action.

In the meantime Billings County attempted to get a tax deed to the premises. On Jan. 19, 1938, the county auditor caused to be mailed to Jens J. Jensen, at St. Paul, Minnesota, a notice of the expiration of the period of redemption. No redemption was made and the county auditor, on Nov. 1, 1938, issued a tax deed to Billings County. The evidence shows that Schwartz rented the land from the County in 1939 and 1940. On Dec. 13, 1940, Billings County sold the property to Alfred Schwartz, the defendant herein, by a county deed and he has continued in possession thereof.

The first matter for consideration is the validity of the tax deed. The evidence shows that it was issued by the county auditor and not in the name of the state. Such a deed is void.

"The statute clearly requires that a tax deed to individuals must be executed in the name of the state. In the following cases it has been held that a tax deed executed in the name of the county by the county auditor instead of in the name of the state is void; Goss v. Herman, 20 N.D. 295, 127 N.W. 78; State Finance Co. v. Mulberger, 16 N.D. 214, 112 N.W. 986; 125 Am.St.Rep. 650; State Finance Co. v. Beck, 15 N.D. 374, 109 N.W. 357; Beggs v. Paine, 15 N.D. 436, 109 N.W. 322. The conclusion is inescapable that where the statute requires the county auditor to issue a tax deed to the county in the same manner as to individual purchasers such a deed executed by the county auditor as an official of the county and not in the name of the state is void." Buman v. Sturn, 73 N.D. 561, 568, 16 N.W.2d 837, 840 and cases cited.

It, however, is color of title. Woolfolk v. Albrecht, 22 N.D. 36, 133 N.W. 310; Power v. Kitching, 10 N.D. 254, 86 N.W. 737. Title nevertheless vested in the county by operation of law if the proceedings leading up to the deed were valid. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582; Grandin v. Gardiner, N.D., 63 N.W.2d 128.

On Sept. 28, 1945, the defendant, Alfred Schwartz, as plaintiff, commenced an action to quiet title in himself to these and other premises. The defendants named were Jens J. Jensen, John T. Eide, S. E. Bladson, the unknown heirs, devisees, or legatees, of J. S. Johnson, "and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the complaint." Service was made by publication. Judgment was taken by default quieting title in Alfred Schwartz. He and his wife, on May 22, 1951, deeded the land involved to themselves, Alfred and Ella Schwartz and their son, Warren H. Schwartz, as joint tenants. Plaintiff attacks the service and claims

such judgment is void as to the heirs of Jens J. Jensen.

■ An attack on a former judgment, in a subsequent action, constitutes a collateral attack upon such prior judgment of the court duly entered. Such an attack is ineffective unless the record of the original action shows that the court had no jurisdiction. Bartell v. Morken, N.D., 65 N.W.2d 270; Smith v. Mountrail County, N.D., 70 N.W.2d 518; Erker v. Deichert, 57 N.D. 474, 222 N.W. 615; Baird v. City of Williston, 58 N.D. 478, 226 N.W. 608. It is, therefore, necessary to examine the record of the Schwartz judgment. The court was asked to take judicial notice of the records and files in the case of Alfred Schwartz v. Jens J. Jensen and it was stipulated that the complete record of that case be included in the settled statement of the case at bar. The record shows that service on the unknown defendants, which included the heirs of Jens J. Jensen in whose behalf this action was brought, was made by publication and the judgment was entered by default. That judgment quieted title in the plaintiff, Alfred Schwartz, against such unknown "defendants and each and every one of them and all persons claiming under them, or any of them, and they are forever enjoined from setting up any claim to the said premises or any part thereof adverse to the title and possession of said Alfred Schwartz, his heirs and assigns."

■ That judgment barred any claim of the heirs of Jens J. Jensen against the premises involved. It is now claimed that no valid service was made upon the Jensen heirs in that action, so that the court was without jurisdiction to enter any judgment barring their interests.

Service on unknown defendants is provided by Section 32–1707 NDRC 1943. The affidavit necessary for such service shall be required to state in substance the following facts:

"That the interests of such unknown persons defendant in the land described in the complaint are not shown of record in the office of the register of deeds, the clerk of the district court, or the county auditor of the county in which such land lies, and the affiant does not know and is unable to ascertain the names, residences, or post-office addresses of any of the persons who are proceeded against as unknown persons defendant. The affidavit or complaint shall show further that the relief sought in the action consists wholly or partly in excluding the defendants from any interest in or lien upon specific real property in this state, and where jurisdiction is sought to be obtained against unknown persons under the provisions of this section the summons shall state where the complaint is or will be filed, and there shall be subjoined to the summons a notice signed by the plaintiff's attorney containing a description of the land to which such action relates."

The affidavit in the Schwartz v. Jensen case was made by H. E. Haney, the attorney for Mr. Schwartz, plaintiff in that action. He says that the residences of Jens J. Jensen, John T. Eide, and S. K. Bladson were unknown to him, and further that he made inquiry of the lawyers and businessmen at Mayville where these three men had transacted business and was informed that all three men had left the State of North Dakota. Then he states:

"* * * that personal service cannot be made upon said defendants, Jens J. Jensen, John T. Eide, or S. K. Bladson within the state to the best knowledge, information and belief of this affiant; that the interest of the persons proceeded against as unknown defendants in the land described in the complaint, is not shown of record in the office of the register of deeds, clerk of the district court, or the county auditor of the county in which said land lies, and the affiant does not know and is unable to ascertain the names, residences or postoffice addresses of

any of the persons proceeded against as unknown defendants; that the relief sought in this action consists wholly in excluding the defendants from any estate or interest in or lien or encumbrance upon the specific real estate in this state which is particularly described in the complaint."

The summons states that the complaint is filed in the office of the clerk of the District Court of Billings County, North Dakota, and that the "object of the action is to exclude the defendants from any estate or interest in or lien or encumbrance upon the land involved in this action."

■ The main contention of appellant is that the affidavit for publication is insufficient; that no diligence was shown by the affiant in his attempt to find whether Jens J. Jensen was dead, and if so, who his heirs were. There is a showing of inquiries made. The statute, however, does not require such diligence to be shown in the affidavit. To require diligence in searching "for persons unknown" and whose interests are unknown would be a useless and unfruitful act and one which the law does not contemplate. Bartell v. Morken, N.D., 65 N.W.2d 270, 276; 46 A.L.R.2d 1364.

■ Appellant objects also because the affidavit is made by the attorney instead of the interested party. The statute does not require the party make the affidavit. "The overwhelming weight of cases is to the effect that an attorney, and sometimes an agent, may make an affidavit for the purpose of service by publication on behalf of the plaintiff, unless the applicable statute specifically requires the party to make the affidavit." Annotation, 47 A.L.R.2d at page 425. See also 72 C.J.S. Process § 62, c, p. 1081; Jenks v. Arms, 160 Wis. 171, 151 N.W. 263.

■ Objection was made by the appellant that the affidavit was not made as of the time of filing. The affidavit was verified on Sept. 28, 1945. The summons and complaint were filed on Oct. 2, 1945. The affidavit for publication was filed on Oct. 3, 1945. The affidavit of publication shows that the first publication of the summons was on Oct. 4, 1945. While there was five days difference in the time of the verification and the filing of the affidavit for publication, both occurred before the publication of the summons. In Bartell v. Morken, supra, it was held that the validity of such an affidavit as the basis for service by publication generally depends on whether the time which had elapsed between the verification and filing of the affidavit was, under the circumstances, reasonable. All that is required is that no presumption could fairly arise that the state of facts had changed during the period intervening. Crombie v. Little, 47 Minn. 581, 50 N.W. 823, 824. There is no showing in the record of the Schwartz v. Jensen case from which any presumption of a change of facts during the intervening period could arise. See also Smith v. Mountrail County, N.D., 70 N.W.2d 518; Bancroft's Code Practice and Remedies, Section 873, p. 1278.

Judge Miller in his order for judgment in Schwartz v. Jensen, found that complete service had been made by publication upon the unknown defendants. Later, on denying a direct application to have the judgment set aside for lack of jurisdiction, Judge Miller found that:

"In determining this question of jurisdiction over unknown persons defendant, reference must be made to the affidavit for publication. So far as unknown persons are concerned (which term includes petitioner) the affidavit strictly conforms to Sec. 32–1707 NDRC 1943 * * *. He (affiant Haney) had stated in his affidavit for publication that he did not know and was unable to ascertain the names, residences or postoffice addresses of any of the persons proceeded against as unknown defendants. He has used due diligence. [Pillsbury v. J. B. Streeter, Jr., Co.,] 15 N.D. 174, 107 N.W. 40, * * * The court acquired

jurisdiction over the unknown persons defendant and the application to set aside the judgment was denied."

To show affidavits for publication that were held insufficient the plaintiff cites Gilbreath v. Teufel, 15 N.D. 152, 107 N.W. 49; Dallas v. Luster, 27 N.D. 450, 147 N.W. 95; Paul v. Green, 49 N.D. 319, 191 N.W. 469, and Coverston v. Egeland, N.D., 69 N.W.2d 790. We have carefully examined all of these cases and find that the facts in each one of them differ from the case at bar. Each affidavit for publication must be considered in connection with the facts in that case.

A careful examination of the affidavit in the case of Schwartz v. Jensen shows that it includes all of the requirements of the statute. Sec. 32–1707 NDRC 1943. When the jurisdictional requirements of the statute are set forth as provided therein, service may be obtained by publication as provided in the statute.

■ The record in Schwartz v. Jensen shows that the statute for service by publication has been complied with, and that the judgment based thereon is valid and binding on the heirs of Jens J. Jensen in the action at bar. Plaintiff's attack on it is ineffective. In Tuttle v. Tuttle, 48 N.D. 10, 181 N.W. 898, this court held: "A judgment rendered by a court of general jurisdiction, having jurisdiction of the parties and the subject-matter, imports absolute verity. As long as it stands, it cannot be attacked collaterally by any of the parties thereto, or those in privity with them."

See also Bartell v. Morken, N.D., 65 N.W. 2d 270; Olson v. Donnelly, 70 N.D. 370, 294 N.W. 666; Smith v. Mountrail County, N.D., 70 N.W.2d 518; 31 Am.Jur. Judgments, p. 199, 42 Am.Jur. Process, p. 80.

We have, therefore, come to the conclusion that proper service was made on the unknown defendants in the action of Schwartz v. Jensen and that judgment was entered therein quieting title in Alfred Schwartz, and barring all unknown defendants from setting up any claims to the premises adverse to the title and possession of Alfred Schwartz. That bars the claims of the plaintiff including his claim under Section 28–0112 NDRC 1943, if Alfred Schwartz was his tenant. That makes it unnecessary to pass on the other claims of the defendants.

The claims of the Socony Vacuum Oil Company, Inc. the Mobil Producing Company, or the Stanolind Oil & Gas Company are not disputed in the pleadings or the evidence. The District Court found that the title of the defendant in the premises is subject to the rights acquired and held by the Mobil Producing Company and Stanolind Oil & Gas Company under existing leases and mineral rights described therein.

The judgment of the District Court is affirmed.

GRIMSON, C. J., and MORRIS, SATHRE and JOHNSON, JJ., concur.

BURKE, J., concurs in the result.